# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:15-CR-53-HAB ) |
| JUAN DE LA CRUZ, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Extension of Time to File Notice of Appeal (ECF No. 208) (the "Motion"), filed on September 12, 2019[1]. In that Motion, counsel for Defendant asserts excusable neglect for his failure to timely file a notice of appeal from the August 27, 2019, Judgment in a Criminal Case, which sentenced Defendant to 159 months following his plea of guilty to two drug-related counts. Because Defendant has failed to establish a sufficient basis for the belated extension, the Motion will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant was sentenced on August 27, 2019. Following the sentencing hearing, counsel for Defendant, James Hanson, spoke with Defendant's family members who indicated that Defendant wished to appeal his sentence.

According to Attorney Hanson, he intended on visiting Defendant at the Pulaski County Jail during the weekend of September 7–8, 2019, to discuss the appeal but was prevented from doing so by a "family obligation." Attorney Hanson was then unable to speak with Defendant on

---

[1] The Court has also received a letter from Defendant (ECF No. 207) addressing counsel's failure to contact Defendant following sentencing. Because Defendant is represented by counsel, the Court will strike the letter and order Defendant to file all future requests through his counsel. The Court notes that the factual representations in Defendant's letter are largely confirmed by the Motion and would not affect the Court's ruling on the Motion.

September 9, 2019, due to "other professional obligations and court appearances." When Attorney Hanson finally called the Pulaski County Jail on September 10, 2019, he was informed that Defendant had been moved to an unknown facility. Attorney Hanson then waited an additional two days to file the Motion. In the meantime, Defendant's deadline to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i) expired on September 10, 2019.

Defendant does not identify any specific issue to be raised on appeal. However, Defendant does note that the Court "declined Defendant's suggestion that he was entitled to a 15-month downward variance." (ECF No. 208 at 1). The Court assumes, then, that Defendant intends to challenge his sentence on appeal.

## II. LEGAL DISCUSSION

Attorney Hanson requests relief under Federal Rule of Civil Procedure 6(b)(1)(B). However, the Federal Rules of Civil Procedure do not apply. Instead, Attorney Hanson's request is more properly considered under Federal Rule of Appellate Procedure 4(b)(4) which permits a district court to extend the time to file a notice of appeal "before or after the time has expired" "upon a finding of excusable neglect or good cause."

Rule 4(b) has no statutory basis, and therefore compliance with the rule is not a matter of jurisdiction. *United States v. Neff*, 598 F.3d 320, 323 (7th Cir. 2010). Attorney Hanson seeks relief under the strict excusable-neglect standard, under which "few circumstances will ordinarily qualify." *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 706 (7th Cir. 2014). The standard "refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Id.* (quoting *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133–34 (7th Cir. 1996)). In determining whether a movant has established excusable neglect, a district court must consider:

2

> relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith.

*Id*. (citing *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012). Most important among these factors is the reason for the delay. *Id*. at 707.

The reasons set forth in the Motion are not of the sort identified in *Satkar*. Essentially, Attorney Hanson advises that he waited until the day the deadline expired to attempt to reach Defendant, by which time Defendant had been moved to an undisclosed facility. While Attorney Hanson cites to family and professional obligations to explain his failure to contact Defendant from September 7–9, 2019, he provides no information related to his failure to contact Defendant from August 27, 2019, through September 6, 2019, which would allow the Court to evaluate if the facts of this case constitute the "rare circumstances" which qualify as excusable neglect. Nor does Attorney Hanson explain why, in the absence of conflicting directions from his client, he did not simply follow the wishes of Defendant as related by Defendant's family. Given the Court's explicit reminder at the sentencing of his duty to timely perfect an appeal, Attorney Hanson's failure in this case cannot be viewed as excusable neglect.

Apart from his failure to contact his client, Attorney Hanson appears to argue that he simply misunderstood how the deadline was calculated. The Motion states that "September 16, 2019, is the fourteenth business day from the date of sentencing." (ECF No. 208 at 2). Business days are irrelevant to the determination of the deadline to file the notice of appeal, but if Attorney Hanson believed that "business days" rather than "days" were used to calculate the deadline it may explain why the deadline was missed. However, "failure to understand and comply with the rules governing appeals to [the Seventh Circuit] will virtually never qualify as 'excusable neglect' under Rule 4(b)." *United States v. Douglas*, 874 F.2d 1145, 1163 n.31 (7th Cir. 1989), abrogated on other

3

grounds by *United States v. Durrive*, 902 F.2d 1221 (7th Cir. 1990); *but see United States v. Brown*, 133 F.3d 993, 996–97 (7th Cir. 1998) (finding excusable neglect for, among other reasons, counsel's confusion of the federal appellate rules with those of Wisconsin). Given Attorney Hanson's extensive criminal practice in this Court he should be aware of the rules, and this Court is not inclined to find excusable neglect based on an erroneous interpretation of an unambiguous rule.

The Court understands that this Opinion and Order likely only delays the inevitable argument by Defendant that Attorney Hanson's failure to timely perfect an appeal constitutes ineffective assistance of counsel. *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019). However, the Court has found no authority that requires, or even suggests, that the requirements of Appellate Rule 4(b) should be ignored because of the possible outcome of a later proceeding under § 2255. Instead, the findings required by Rule 4(b) are "a prerequisite to the exercise of the district court's discretion to permit a late appeal." *Matter of Marchiando*, 13 F.3d 1111, 1115 (7th Cir. 1994). Defendant has failed to satisfy those requirements, and thus the Motion must be denied.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Extension of Time to File Notice of Appeal (ECF No. 208) is DENIED. Defendant's letter (ECF No. 207) is STRICKEN from the record.

SO ORDERED on September 25, 2019.

        s/ Holly A. Brady
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT