# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-CR-53-HAB |
| | ) | (1:19-CV-536-HAB) |
| JUAN DE LA CRUZ | ) | |

## OPINION AND ORDER

Defendant was sentenced to a total of 159 months on August 27, 2019, following his plea of guilty on charges of Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). On December 13, 2019, Defendant timely filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 212). The Government filed its Response to Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 214) on February 11, 2020. After reviewing the briefing and the procedural history of this case, the Court concludes that Defendant's Motion must be granted in part.

**A.    Procedural History**

Following his August 27, 2019, sentencing, Defendant sent a letter to the Court on September 12, 2019. (ECF No. 207). In the letter, Defendant stated that his attorney, James Hanson, had not contacted him since sentencing and had not advised Defendant if an appeal had been filed on his behalf. The same day, Attorney Hanson filed a Motion for Extension of Time to File Notice of Appeal (ECF No. 208). In the Motion for Extension, Attorney Hanson admitted that "family members of Defendant indicated that Defendant wanted to appeal his sentence." (*Id*. at 1). Nonetheless, without any countervailing request from Defendant, Attorney Hanson failed to file a notice of appeal. Attorney Hanson attributed the failure to an inability to contact Defendant, as

well as an apparent misinterpretation of the rules governing the deadline for filing an appeal in a criminal case. (*Id*. at 2). Attorney Hanson requested until September 16, 2019, within which to file Defendant's appeal.

On September 25, 2019, this Court entered its Opinion and Order denying the Motion for Extension (ECF No. 2019). The Court found that Attorney Hanson had failed to establish excusable neglect as required for a belated extension of the notice of appeal deadline. This Court understood that its Opinion and Order "likely only delay[ed] the inevitable argument by Defendant that Attorney Hanson's failure to timely perfect an appeal constitutes ineffective assistance of counsel." (*Id*. at 4). That argument is now before the Court.

**B.     Legal Discussion**

**1.     *28 U.S.C. § 2255***

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a motion pursuant to § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.* A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

2

*Belford*, 975 F.2d at 313; *see also McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255 movant may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008).

Section 2255 contains a one-year statute of limitations which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also United States v. Woods*, 169 F.3d 1077, 1078 (7th Cir. 1999). The timeliness of each claim asserted in a § 2255 motion must be assessed separately. *Davis v. United States*, 817 F.3d 319, 327–28 (7th Cir. 2016).

**2.    *Ineffective Assistance of Counsel – Failure to File Appeal***

The Sixth Amendment guarantees criminal defendants "the right ... to have the Assistance of Counsel for [their] defence." The right to counsel includes "'the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 687–688, and (2) that any such deficiency was "prejudicial to the defense," *id.*, at 692.

"In certain Sixth Amendment contexts," however, "prejudice is presumed." *Id*. Relevant to Defendant's Motion, prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). This is true even where, as here, the defendant has agreed to an appeal waiver. *Garza v. Idaho*, 139 S.Ct. 738, 747 (2019).

As the Government concedes, the application of the law to the facts is straightforward. Attorney Hanson admits that he was asked to file an appeal by Defendant's family. Attorney Hanson also admits that he failed to do so. Attorney Hanson, then, rendered constitutionally deficient assistance to Defendant in the appellate process. With prejudice to Defendant presumed, his Motion must be granted with respect to his appeal. This Court will re-enter its Judgment in a Criminal Case (ECF No. 206), which will re-start Defendant's appellate deadlines. *See Fabian-Baltazar v. United States*, 2019 WL 7282046, *6 (E.D. Cal. Dec. 27, 2019).

3. *Ineffective Assistance of Counsel – Safety Valve*

As a second ground for relief, Defendant asserts that Attorney Hanson was ineffective for failing to argue his entitlement to the "safety valve." Codified at 18 U.S.C. § 3553(f), the safety valve limits the application of a statutory mandatory minimum where certain criteria are met. One of those criteria is that "defendant did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." 18 U.S.C. § 3553(f)(2).

Possession of a firearm in connection with an offense renders a defendant ineligible for the safety valve even where he is acquitted of a gun charge. *United States v. Booker*, 612 F.3d 596, 601–02 (7th Cir. 2010). Here, Defendant pled guilty to possessing a firearm in connection with a drug offense. Under the plain language of § 3553(f)(2), Defendant was not entitled to relief under

the safety valve. Attorney Hanson's failure to argue the safety valve at sentencing does not constitute ineffective assistance of counsel.

**C.     Conclusion**

For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 212) is GRANTED in part. The Clerk of this Court is DIRECTED to re-enter Judgment in a Criminal Case first entered on August 27, 2019. Defendant's Motion is DENIED in all other respects.

SO ORDERED on February 13, 2020.

s/ Holly A. Brady<br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT